**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Wells Fargo, N.A., | ) | CASE NO. 1:14 CV 1998 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Centro Richland, LLC, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. 25). This is a foreclosure action. For the reasons that follow, the motion is GRANTED. The Court declares that Avita's recorded interest in the property will be extinguished in the event plaintiff completes the foreclosure sale process. Plaintiff is directed to submit a revised judgment entry and decree of foreclosure reflecting this Court's decision.

**FACTS**

Plaintiff, Wells Fargo Bank, N.A., as trustee, brings this action against defendants, Centro Richland, LLC ("Borrower") and Avita Health System ("Avita") seeking foreclosure of

1

certain property.  Avita, in turn, filed a third party complaint against CMF Richland, LLC ("CMF"), an entity affiliated with Borrower.

On July 13, 2006, JPMorgan Chase, N.A. ("Original Lender") made certain loans to Borrower.  In exchange, Borrower executed a mortgage in favor of Original Lender, as well as promissory notes and other loan documents.  The mortgage was recorded with the county recorder.  On September 21, 2006, the Original Lender assigned the mortgage and other loan documents to plaintiff.  The assignment of mortgage was also recorded with the county recorder.  The property that is subject to the mortgage is commonly known as Richland Mall.

Avita owns property adjacent to Borrower.  Avita purchased the property from CMF on or about September 10, 2013.  In obtaining the property, Avita obtained a Declaration of Medical Use Restriction ("Restriction") from Borrower.  Pursuant to the Restriction, the Borrower agreed for itself and further property owners that the mortgaged property would not be used for essentially any medical or laboratory purpose.  It further prohibits the operation of a retail pharmacy on the mortgaged property if Avita commences such an operation within three years of the date the Restriction is recorded.  The Restriction was recorded on October 28, 2013.

Borrower defaulted under the terms of the mortgage and this foreclosure action followed.  Borrower does not dispute plaintiff's right to foreclosure.  The only issue before this Court is whether Avita's interest survives a foreclosure sale of the mortgaged property.

**STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure, as amended on December 1, 2010, provides in relevant part that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed .R.Civ.P. 56(a).

Rule 56(e) provides in relevant part that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion ... [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed-show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

Although Congress amended the summary judgment rule, the "standard for granting summary judgment remain unchanged" and the amendment "will not affect continuing development of the decisional law construing and applying" the standard.  See, Fed.R.Civ.P. 56, Committee Notes at 31.

Accordingly, summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

**ANALYSIS**

Plaintiff argues that a foreclosure sale in this case will extinguish any interest Avita may have in the property as a matter of law.  According to plaintiff, it possesses a first and senior lien on the property.  Because Avita's interest is junior to the mortgage and because plaintiff named Avita as a party to this action, Avita's interest in the property cannot survive a foreclosure sale.  Defendant does not respond to plaintiff's argument.

Upon review, the Court agrees with plaintiff.  Under Ohio law, "lien priority is

determined by the time of filing.  The recording statute sets forth the general rule that the first [mortgage] recorded shall have preference over subsequently recorded mortgages." *Old Republic National Title Ins. V. Fifth Third Bank*, 2008 WL 1914297 (Oh. Ct. App. May 2, 2008)(quotations omitted).  *See also*, O.R.C. § 5301.25.  It is undisputed that plaintiff maintains a senior interest in the mortgaged property.  Plaintiff duly recorded the mortgage seven years prior to the recording of the Restriction and Avita does not claim that there is any legal insufficiency with the recording itself.  "....[T]he general rule in Ohio is that 'liens are extinguished when a foreclosure sale of the underlying real property is completed and confirmed.'" *In re Smith*, 510 B.R. 164, 169 (S.D. Ohio 2014)(*quoting Deutsche Bank Nat'l Trust Co. v. Richardson*, 2011 WL 900790 at * 4 (Oh. Ct. App. Mar. 11, 2011)).  Here, plaintiff named Avita as party to this lawsuit.   Thus, the completion of the foreclosure sale process in this case will extinguish all liens and property encumbrances recorded after plaintiff's mortgage.  *See, e.g.*, Restatement (3d) of Property (Mortgages), § 7.1 (1997)("A valid foreclosure of a mortgage terminates all interests in the foreclosed real estate that are junior to the mortgage being foreclosed and whose holders are properly joined or notified under applicable law.").  This includes the Restriction.

The parties argue at length as to whether the loan documents and mortgage allowed Centro to encumber the property by entering into the Restriction.  The Court finds that for purposes of this foreclosure lawsuit, this issue is not relevant.  Even assuming *arguendo* that the documents permitted Centro to encumber the property, there is no evidence that plaintiff or its predecessor in interest subordinated the mortgage to the Restriction.  As such, for foreclosure purposes, Avita's junior interest is extinguished upon completion of a foreclosure sale even if

5

plaintiff agreed to the encumbrance.[1]

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is GRANTED. The Court declares that Avita's recorded interest in the property will be extinguished in the event plaintiff completes the foreclosure sale process. The Court declines to reach plaintiff's alternative arguments.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/4/15

---

[1] The Court notes that the issue is only irrelevant because this case arises in the context of a foreclosure proceeding. Had Centro paid off the mortgage, the enforceability of Avita's interest as to other purchasers might be relevant.